728 S.E.2d 488

Dennis N. LAMBRIES, Appellant,

v.

SALUDA COUNTY COUNCIL; T. Hardee Horne, Chairman; William "Billie" Pugh, Councilman; Steve Teer, Councilman; Jacob Schumpert, Councilman; and James Frank Daniel, Sr., Councilman, Respondents.

No. 4989.

Court of Appeals of South Carolina.

Heard March 15, 2012.

Decided June 13, 2012.

Rehearing Denied July 25, 2012.

Richard R. Gleissner, of Columbia, for Appellant.

Christian Giresi Spradley, of Saluda, for Respondents.

KONDUROS, J.

Dennis Lambries appeals the circuit court's ruling that the amendment of the agenda by the Saluda County Council (the Council) during its meetings does not violate the Freedom of Information Act (FOIA). We reverse.

## FACTS

Lambries filed suit against the Council contending its practice of amending its agenda during regularly scheduled meetings violated FOIA. The circuit court concluded specific language in section 30–4–80 of the South Carolina Code (2007) indicated no agenda was required for regularly scheduled meetings and the amendments to the agenda were made in open public sessions in accordance with the Council's procedures so the action did not violate FOIA.[1] This appeal followed.

## STANDARD OF REVIEW

"Statutory interpretation is a question of law." *Hopper v. Terry Hunt Constr.*, 373 S.C. 475, 479, 646 S.E.2d 162, 165 (Ct.App.2007). This court may decide matters of law with no particular deference to the circuit court. *Pressley v. REA Constr. Co.*, 374 S.C. 283, 287–88, 648 S.E.2d 301, 303 (Ct.App.2007).

---

1. Lambries initially requested that certain acts of the Council be declared null and void, but he abandoned those claims and seeks only an interpretation of FOIA that will prevent the Council from amending its agenda during meetings in the future.

## LAW/ANALYSIS

 Lambries argues the circuit court's interpretation of section 30–4–80 of the South Carolina Code (2007) was erroneous because it undercuts the purpose of FOIA to inform the public about business to be addressed at meetings of public bodies. We agree.

Section 30–4–80 provides:

(a) All public bodies, except as provided in subsections (b) and (c) of this section, must give written public notice of their regular meetings at the beginning of each calendar year. The notice must include the dates, times, and places of such meetings. Agenda, if any, for regularly scheduled meetings must be posted on a bulletin board at the office or meeting place of the public body at least twenty-four hours prior to such meetings. All public bodies must post on such bulletin board public notice for any called, special, or rescheduled meetings. Such notice must be posted as early as is practicable but not later than twenty-four hours before the meeting. The notice must include the agenda, date, time, and place of the meeting. This requirement does not apply to emergency meetings of public bodies.

. . . .

(d) Written public notice must include but need not be limited to posting a copy of the notice at the principal office of the public body holding the meeting or, if no such office exists, at the building in which the meeting is to be held. (e) All public bodies shall notify persons or organizations, local news media, or such other news media as may request notification of the times, dates, places, and agenda of all public meetings, whether scheduled, rescheduled, or called, and the efforts made to comply with this requirement must be noted in the minutes of the meetings.

Section 30–4–15 of the South Carolina Code (2007) discusses the purpose of FOIA.

The General Assembly finds that it is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials and of the decisions that are reached in public activity and in the formulation of public policy. *Toward this end, provisions of this chapter must be*

*construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay to the persons seeking access to public documents or meetings.* Id. (emphasis added).

■ The circuit court determined the "if any" language in section 30–40–80(a) means that nothing requires Council to have an agenda for a regularly scheduled meeting. However, this interpretation is inconsistent with the requirement that agendas be posted twenty-four hours prior to a meeting. Applying such a construction, Council could circumvent the notice requirement by simply not preparing a formal agenda and then discussing matters on an ad hoc basis at the meeting. Such conduct would not be in keeping with the purpose of FOIA, and we will not construe a statute in a way that defeats the legislative intent. *See Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 468, 636 S.E.2d 598, 606 (2006) ("A statute as a whole must receive [a] practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers."); *Kiriakides v. United Artists Commc'ns, Inc.*, 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994) (stating courts will reject the ordinary meaning of words if accepting such an interpretation of a statute leads to an absurd result that would defeat the plain legislative intention.); *id.* ("If possible, the court will construe the statute so as to escape the absurdity and carry the intention into effect."). Additionally, if as Council argues no agenda is required because regularly scheduled meetings are open to the public, then the publication requirement when there is an agenda is superfluous. Meetings with or without an agenda are equally open to the public.

However, if "agenda"[2] is not viewed narrowly as only a formally prepared piece of paper but instead represents the impactful actions and business the paper memorializes, the statute can be read harmoniously. Then, the "if any" language simply recognizes that regularly scheduled meetings of public bodies may occur during which no formal action or discussion is to take place. If so, there is no agenda and no requirement for publication of a blank piece of paper.

---

2. Agenda is not defined in FOIA.

The remainder of subsection (a) requires publication of the agenda for any called or special meeting. By implication, a called or special meeting would only occur if an item required formal discussion or action. This interpretation of the statute gives logical effect and meaning to each part of the statute and is in accord with the purpose of FOIA to notify the public of the activities of public bodies.

The remaining question is whether a published agenda for a regularly scheduled meeting can be amended during the meeting without violating FOIA. This is a close question, because no provision appears to prohibit such action. However, to allow an amendment of the agenda regarding substantive public matters undercuts the purpose of the notice requirement in section 30–4–80. A narrow construction of FOIA may support the position that so long as regularly scheduled meetings are open to the public, they are conducted in compliance with FOIA. However, such a construction would be inconsonant with the agenda notice requirement for regularly scheduled meetings and would go against the instruction that FOIA is to be liberally construed. *See N.Y. Times Co. v. Spartanburg Cnty. Sch. Dist. No. 7*, 374 S.C. 307, 311, 649 S.E.2d 28, 30 (2007) (stating FOIA is a statute remedial in nature and must be liberally construed to carry out the purpose mandated by the legislature); *Evening Post Publ'g Co. v. City of N. Charleston*, 363 S.C. 452, 457, 611 S.E.2d 496, 499 (2005) (holding FOIA exemptions are to be narrowly construed to fulfill the purpose of FOIA to guarantee the public reasonable access to certain activities of government).

While Lambries does not argue Council's deeds have been done with ill intent, permitting the amendments to the agenda during a regularly scheduled meeting is a practice that could be abused and violates the spirit of FOIA. A South Carolina Attorney General opinion, while not authoritative, eloquently describes the ideal conduct for meeting the obligations set forth under FOIA.

Public bodies are encouraged to take all steps necessary to comply with both the letter and the spirit of the Act, to carry out the express purpose of keeping the public informed about the performance of their public officials and the conduct of public business. If any doubt exists as to action to be taken, the doubt should be resolved in a manner

designed to promote openness and greater notice to the public.

1989 S.C. Op. Att'y Gen. 89–111, 1989 WL 406201 (October 11, 1989).

We recognize our decision may be inconvenient in some instances, but the purpose of FOIA is best served by prohibiting public bodies governed by FOIA from amending their agendas during meetings. Therefore, the ruling of the circuit court is

**REVERSED.**

GEATHERS, J., concurs.

PIEPER, J., dissents in a separate opinion.

PIEPER, J., dissenting.

I respectfully dissent. The majority opinion is well-reasoned and compelling. However, I am reluctant to reverse the denial of temporary injunctive relief by the trial court because the statute is completely silent as to whether a public body can amend an agenda that is not required for a regularly scheduled meeting. "A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers." *Sloan v. S.C. Bd. of Physical Therapy Exam'rs,* 370 S.C. 452, 468, 636 S.E.2d 598, 606 (2006). "[I]t is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials and of the decisions that are reached in public activity. . . ." S.C.Code Ann. § 30–4–15 (2007). FOIA must be construed to make it possible for citizens to learn and report fully the activities of public officials. *Id.* Section 30–4–80 of the South Carolina Code provides the following:

(a) All public bodies, except as provided in subsections (b) and (c) of this section, must give written public notice of their regular meetings at the beginning of each calendar year. The notice must include the dates, times, and places of such meetings. Agenda, if any, for regularly scheduled meetings must be posted on a bulletin board at the office or meeting place of the public body at least twenty-four hours prior to such meetings. All public

bodies must post on such bulletin board public notice for any called, special, or rescheduled meetings. Such notice must be posted as early as is practicable but not later than twenty-four hours before the meeting. The notice must include the agenda, date, time, and place of the meeting. This requirement does not apply to emergency meetings of public bodies.

S.C.Code Ann. § 30–4–80 (2007).

Section 30–4–80 is completely silent as to whether an amendment to a published agenda for a regularly scheduled meeting is permitted. What is clear is that an agenda is not required for a regularly scheduled meeting, as indicated by the "if any" language in the statute. *See* S.C.Code Ann. § 30–4–80 (2007) ("Agenda, if any, for regularly scheduled meetings"). Because an agenda is not required for a regularly scheduled meeting, it is difficult to conclude that the statute's silence clearly demonstrates legislative intent to prohibit a public body from amending a discretionary agenda. Additionally, Council's amendment of the agenda did not violate FOIA's purpose of providing the public access to a public body's actions behind closed doors. Council's amendment of the agenda did not infringe on Lambries' ability to learn and report fully on the activities of the public officials. While the public was not informed of the amendment to the agenda, the meeting was performed in an open and public manner, and the public was advised of both the meeting and the decisions reached at the meeting.

Moreover, because a FOIA violation can be criminal in nature, the law should be clear as to what is proscribed; otherwise, unintended prosecutions could be threatened. *See* S.C.Code Ann. § 30–4–110 (2007) ("Any person or group of persons who willfully violates the provisions of this chapter shall be deemed guilty of a misdemeanor and upon conviction shall be fined not more than one hundred dollars or imprisoned for not more than thirty days for the first offense. . . ."). Until the legislature resolves this issue, I would not judicially impose requirements that would have the effect of creating new and potentially unintended criminal liability. Furthermore, in light of the admitted lack of legislative clarity on this issue, I would alternatively affirm the trial court's denial of Lambries' temporary injunction, as the decision to grant or

deny an injunction is within the discretion of the trial court. *See Strategic Res. Co. v. BCS Life Ins. Co.*, 367 S.C. 540, 544, 627 S.E.2d 687, 689 (2006) ("An order granting or denying an injunction is reviewed for abuse of discretion."). Based on the foregoing reasons, I would affirm the order of the trial court.