750 S.E.2d 61

Clifton SPARKS, Petitioner,

v.

PALMETTO HARDWOOD, INC. and Palmetto Timber S.I.
Fund c/o Walker, Hunter & Associates, Respondents.

Appellate Case No. 2011–186526.

Nos. 27229.

Supreme Court of South Carolina.

Heard Dec. 4, 2012.
Refiled May 22, 2013.
Rehearing Denied Aug. 8, 2013.

Edward L. Graham of Graham Law Firm, PA, of Florence for Petitioner.

Weston Adams III and M. McMullen Taylor of McAngus Goudelock & Courie, LLC, both of Columbia, and Helen Faith Hiser of McAngus Goudelock & Courie, LLC, of Mt. Pleasant for Respondent.

## ORDER

Justice PLEICONES.

This Court granted certiorari to review the Court of Appeals' decision in *Clifton Sparks v. Palmetto Hardwood, Inc., and Palmetto Timber S.I. Fund c/o Walker, Hunter & Associates,* Op. No. 2010–UP–525 (S.C.Ct.App. filed Dec. 13, 2010), affirming the decision and order of the South Carolina Workers' Compensation Commission (the Commission)[1] awarding Clifton Sparks (Petitioner) five hundred weeks of compensation for total and permanent disability but denying him lifetime benefits because he did not suffer "physical brain damage" within the meaning of S.C.Code Ann. § 42–9–10(C) (Supp.2011) as a result of a compensable injury. We affirm.

## FACTS

Palmetto Hardwood, Inc., employed Petitioner as a saw operator. Petitioner suffered three work-related injuries during this employment, the first two of which injured Petitioner's lower back. In the third incident, Petitioner was required to remove a piece of metal from under a gang saw. In the process, the metal exploded and a three- to four-inch cubic piece struck him in the head.

Petitioner subsequently sought workers' compensation for his injuries. At the hearing, Petitioner testified to substantial head pain, loss of cognitive ability, and other brain-function-related symptoms, including inability to read without severe headache, loss of his mathematical abilities, inability to balance while standing or to walk without a cane, hand tremors, anxiety, and more.

---

1. We refer to both the Workers' Compensation Appellate Panel and the Workers' Compensation Full Commission as the Commission.

Six doctors opined regarding whether Petitioner had suffered a physical brain injury. Two opined that Petitioner might have suffered a mild brain injury as a result of the work accident but that any difficulties resulting from it were intermingled with other problems, including pain and psychiatric disturbances. Three opined simply that Petitioner had suffered a physical brain injury. One opined that Petitioner had suffered no physical brain injury. The Commission found that Petitioner had sustained a compensable injury to his head, including a mild concussion, but that his testimony relating to the extent of his brain injury was not credible and that the evidence failed to show that Petitioner had been dazed and confused after his head injury or suffered nausea, vomiting, cognitive impairments, or post-concussive headaches. The Commission found both that Petitioner had suffered a compensable injury to his head and that "the claim for physical brain injury borders on the frivolous." It also found him to be totally and permanently disabled. The Commission ruled that Petitioner should receive only five hundred weeks of compensation as a result of his total and permanent disability and medical expenses causally related to the three compensable injuries.

On appeal, the circuit court remanded to the Commission for it (1) to explain whether the "physical brain injury" it found "border[ed] on the frivolous" was intended to be the same as or different from "physical brain damage" as used in § 42-9-10(C) and (2) to reconcile the order's seemingly contradictory findings that Petitioner suffered a compensable injury to the head with its finding of no physical brain injury.

On remand, the Commission clarified that "Claimaint has failed to carry his burden of proof to establish physical brain damage as contemplated by S.C.Code Ann. § 42-9-10. Although Finding of Fact # 7 above notes an injury-by-accident to the brain, this does not constitute damage to the brain."

On appeal, the circuit court affirmed the Commission's order. Petitioner subsequently appealed to the Court of Appeals, which affirmed in an unpublished opinion. This Court granted certiorari. We now affirm.

Petitioner argues that the Court of Appeals erred when it applied an improper definition of "physical brain damage" within the meaning of § 42–9–10(C). We disagree.

## DISCUSSION

The interpretation of a statute is a question of law. *CFRE, LLC v. Greenville County Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011). Further, "[t]he construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons." *Id.* at 77, 716 S.E.2d at 882. However, if the agency's interpretation conflicts with the statute's plain language, it must be rejected. *Id.*

The agency's interpretation of "physical brain damage" is clearly consonant with the intent of the General Assembly as more fully discussed below.

"The primary rule of statutory construction is to ascertain and effectuate the intent of the Legislature." *Gilstrap v. South Carolina Budget and Control Bd.*, 310 S.C. 210, 213, 423 S.E.2d 101 (1992). "If the statute is ambiguous, . . . courts must construe the terms of the statute." *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011). "A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers. In interpreting a statute, the language of the statute must be read in a sense that harmonizes with its subject matter and accords with its general purpose." *Id.* (citation omitted).

S.C.Code Ann. § 42–9–10(C) reads as follows:
Notwithstanding the five-hundred-week limitation prescribed in this section or elsewhere in this title, any person determined to be totally and permanently disabled who as a result of a compensable injury is a paraplegic, a quadriplegic, *or who has suffered physical brain damage* is not subject to the five-hundred-week limitation and shall receive the benefits for life.

(Emphasis added.) At issue in this case is the term "physical brain damage." "[W]ords in a statute must be construed in context." *Southern Mut. Church Ins. Co. v. South Carolina*

*Windstorm and Hail Underwriting Ass'n,* 306 S.C. 339, 342, 412 S.E.2d 377, 379 (1991). Thus, "the Court may not, in order to give effect to particular words, virtually destroy the meaning of the entire context; that is, give the particular words a significance which would be clearly repugnant to the statute, looked at as a whole, and destructive of its obvious intent." *Id.*

The immediate context of the term "physical brain damage" suggests that the General Assembly intended a more restrictive meaning than the most literal interpretation as urged by Petitioner. Section 42–9–10(C) awards lifetime benefits for totally disabled claimants suffering "physical brain damage" as an exception to the normal five-hundred-week limitation along with only two other conditions: paraplegia and quadriplegia. Both of these conditions are by definition severe, permanent physical impairments. Thus, the context implies the General Assembly meant to require severe, permanent impairment of normal brain function in order for an injured worker to be deemed physically brain damaged under § 42–9–10(C).

■ Moreover, within a single statutory scheme, the same word should be given consistent meaning. *Doe v. South Carolina Dept. of Health and Human Services,* 398 S.C. 62, 73 n. 11, 727 S.E.2d 605, 611 n. 11 (2011). Here, the General Assembly used the term "brain damage" only one other time in the workers' compensation statutes, where it is included in a list of "permanent physical impairments." S.C.Code Ann. § 42–9–400(d) (Supp.2011). Insofar as the term "brain damage" in § 42–9–400(d) is more clearly defined than it is in § 42–9–10(C), that definition should inform our interpretation of the term "brain damage" in § 42–9–10(C). We conclude, therefore, the General Assembly intended "physical brain damage" in § 42–9–10(C) to have a meaning consonant with § 42–9–400(d) of permanent physical damage to the brain.

Moreover, we note that this interpretation is consistent with that of the Commission and thus affords proper deference to the agency. *CFRE, LLC, supra.*

Finally, a definition of "physical brain damage" restricting it to severe permanent damage appears to be consonant with the purpose of the workers' compensation statutes to provide only

minimal compensation. *See Town of Mt. Pleasant, supra;*
*Wigfall v. Tideland Utilities, Inc.,* 354 S.C. 100, 115–16, 580
S.E.2d 100, 107–08 (2003) (the purpose of the workers' com-
pensation provisions is "to provide a no-fault system focusing
on quick recovery, relatively ascertainable awards and limited
litigation. In exchange for these benefits, the parties and
society as a whole bear some costs"; "they are not designed to
compensate the employee for his injury, but merely to provide
him with the bare minimum of income and medical care to
keep him from being a burden to others." (citations omitted)).

Section 42–9–10(C) also requires that the damage be
"physical." "Physical" means "[o]f or pertaining to the body,
as distinguished from the mind or spirit; bodily" and "[o]f or
pertaining to material things." *American Heritage Dictio-
nary* 935 (2nd College Ed.1991). Nothing in the context of
the statute suggests that this word should be interpreted
otherwise. We thus decline to impose a requirement that the
damage be proved through an "objective diagnostic medium,"
since some indisputably physical brain damage may not be
revealed by diagnostic instruments that can detect only rela-
tively gross physical abnormalities.

Petitioner also argues that the General Assembly's use of
the verb phrase "has suffered" indicates that the injury need
not result in permanent damage, since this form of the verb
requires no more than that the action—here "suffered"—occur
at some (indeterminate) point in the past. We disagree. The
present perfect tense may signify that the action occurred in
the past but has continuing effects in the present, began in the
past and continues into the present or is completed in the
present, or is completed at the present time. *See Common-
wealth v. U.S. E.P.A.,* No. 96–4274, 165 F.3d 26, slip op. at 3,
1998 WL 661138 (6th Cir. Sept. 2, 1998), *In re Gwynne P.,* 215
Ill.2d 340, 357–58, 294 Ill.Dec. 96, 830 N.E.2d 508 (Ill.2005);
*Schieffelin & Co. v. Dep't of Liquor Control,* 194 Conn. 165,
479 A.2d 1191, 1197 (1984); *In re A.H.B., M.L.B., J.J.B.,* 791
N.W.2d 687, 689 (Iowa 2010); *American Heritage Dictionary*
980 (2d. College Ed.1991). The General Assembly's use of
this tense is consistent with a finding that it intended "physi-

cal brain damage" to denote damage that is permanent and therefore necessarily continues to have effect into the present.

Thus, we conclude that "physical brain damage" as used in § 42–9–10(C) is physical brain damage that is both permanent and severe.

As to Petitioner's remaining issues, we find substantial evidence in the record to support the Commission's decision. *See Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 135–36, 276 S.E.2d 304, 306–07 (1981); *Shealy v. Aiken County,* 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the . . . Commission."); *Pearson v. JPS Converter & Indus. Corp.,* 327 S.C. 393, 400, 489 S.E.2d 219, 222 (Ct.App.1997) (§ 42–9–10 does not require that total and permanent disability result solely from physical brain damage but does require that the claimant suffer physical brain damage as a result of the compensable injury); *City of North Myrtle Beach v. East Cherry Grove Realty Co., LLC,* 397 S.C. 497, 503, 725 S.E.2d 676, 679 (2012) ("As a general rule, judgments are to be construed like other written instruments. The determinative factor is the intent of the court, as gathered, not from an isolated part thereof, but from all the parts of the judgment itself.").

## CONCLUSION

Because "physical brain damage" as contemplated in S.C.Code Ann. § 42–9–10 requires severe and permanent physical brain damage as a result of a compensable injury and the Workers' Compensation Commission's finding that Petitioner did not suffer such brain damage is supported by substantial evidence in the record, the judgment of the Court of Appeals is

**AFFIRMED.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.