JUSTICE FEW:
I concur with the majority opinion except for subsection III.A. As to that subsection, I concur only with the result reached by the majority because I have one important disagreement regarding the application of our rules of statutory interpretation.
This Court has repeatedly held, “Where the statute’s language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not *369 needed....” State v. Ramsey, 409 S.C. 206, 209, 762 S.E.2d 15, 17 (2014) (quoting Hodges v. Rainey, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)); see also Lambries v. Saluda Cty. Council, 409 S.C. 1, 10, 760 S.E.2d 785, 789 (2014) (“If a statute is ambiguous, the courts must construe its terms.”); Timmons v. S.C. Tricentennial Comm’n, 254 S.C. 378, 401, 175 S.E.2d 805, 817 (1970) (“If a statute is clear and explicit in its language, then there is no need to resort to statutory interpretation or legislative intent to determine its meaning.”). In this case, relying on what it calls “the plain language” of section 12-60-20 of the South Carolina Code (2014), the majority finds the exhaustion of remedies requirement of the Revenue Procedures Act applies both to “a dispute with the Department of Revenue” and to “a dispute concerning property taxes.” Nevertheless, the majority proceeds to employ various rules of statutory interpretation to explain the meaning of section 12-60-20.
I agree the plain language of section 12-60-20 is unambiguous and conveys a clear and definite meaning. Therefore, I agree the section requires the result the majority reaches. I disagree, however, that it is appropriate to employ rules of statutory interpretation after finding the statute’s meaning is plain. Under this Court’s own repeatedly-stated admonition, “the rules of statutory interpretation are not needed.” Ramsey, 409 S.C. at 209, 762 S.E.2d at 17.