LOCKEMY, C.J.:
**146 In this action pursuant to the Freedom of Information Act (FOIA), South Carolina Lawyers Weekly (Appellant) asserts the circuit court erred in refusing to compel Scarlett Wilson, as Solicitor of the Ninth Judicial Circuit, to produce any disciplinary complaints against her. Appellant argues the circuit court erred by: (1) failing to find Wilson is a public officer and her office is a public body subject to FOIA; (2) relying on Rule 12 of the Rules of Lawyer Disciplinary Enforcement to determine the requested documents are not required to be disclosed; (3) finding the documents were exempt from FOIA pursuant to S.C. Code Ann. § 30-4-40(a) (2007 & Supp. 2017) ; and (4) failing to find Wilson waived her right to confidentiality. We affirm.
**147 FACTS
On July 10, 2015, Phillip Bantz, a staff writer for South Carolina Lawyers Weekly sent a FOIA request to Solicitor Wilson's official email address requesting "any records relating to any disciplinary complaints against you or action taken with respect to you as a member of the bar."
The Ninth Circuit Solicitor's Office (the Solicitor's Office) responded, on official letterhead, and denied Bantz's request. The office noted, "In the last year a number of grievances have been filed against Ms. Wilson by or at the behest of disgruntled criminal defense lawyers.... The South Carolina Office of Disciplinary Counsel thoroughly investigated these matters and recommended dismissal of all of these charges."
In denying the FOIA request, the Solicitor's Office noted that "[w]hile the Solicitor's Office is a 'public body' and subject to FOIA, Ms. Wilson is not personally a 'public body.' "
The Solicitor's Office further asserted that, were Solicitor Wilson a 'public body,' the documents requested would be exempt from disclosure under several FOIA exemptions. First, the Solicitor's Office asserted the documents were exempt from disclosure because they are information of a personal nature. See S.C. Code Ann. § 30-4-40(a)(2) (Supp. 2017). The Solicitor's Office also claimed the documents were specifically exempted from disclosure by statute or state law by Rule 12 of the South Carolina Rules for Lawyer Disciplinary Enforcement (RLDE), which requires disciplinary complaints remain private.
*529 See S.C. Code Ann. § 30-4-40(a)(4) (2007). Finally, the Solicitor's Office argued the requested documents included information protected by the attorney-client relationship. See S.C. Code Ann. § 30-4-40(a)(7) (2007).
Appellant subsequently filed a declaratory judgment action requesting the court declare Solicitor Wilson a public body and any documents she possessed pertaining to her disciplinary records must be made available. Appellant asserted Solicitor Wilson is a public official whose only legal services are provided in her capacity as a public official. Accordingly, Appellant argued "Any documents from the Office of Disciplinary Counsel and/or the Commission on Lawyer Conduct received by her relate wholly to her conduct in her capacity as a public official and are thus public documents."
**148 Appellant also asserted the exemptions Solicitor Wilson claimed were inapplicable in this case. According to Appellant, any reliance by the Solicitor's Office on Rule 12, RLDE, is inappropriate in this case because the Rule only dictates that members and staff of the Commission on Lawyer Conduct, disciplinary counsel and its staff, and the members and staff of the Supreme Court should not reveal the existence of a complaint. Appellant also argued the Solicitor's Office revealed the existence and content of some of the complaints against Solicitor Wilson in its response to the FOIA request, waiving Wilson's claim to confidentiality.
After a hearing, the circuit court filed its order granting Solicitor Wilson's motion to dismiss on February 10, 2016. The circuit court did not reach the issue of whether Solicitor Wilson is a public body, but rather found the documents were not 'public records' pursuant to the FOIA. The court found the documents were protected from disclosure under Rule 12, RLDE, and as such were exempted from disclosure under section 30-4-40(a)(4). The court also found Solicitor Wilson had not waived her right to confidentiality of the disciplinary complaints by referring to them generally in her response because "Ms. Wilson's letter had no intent whatsoever to waive confidentiality when she invoked the Rules on Lawyer Disciplinary Enforcement in her response letter and made quite clear she believed, and correctly so, that the documents sought are not public." The circuit court also found the requested documents were exempt from disclosure because of their personal nature. This appeal followed.
LAW
"Determining the proper interpretation of a statute is a question of law, and this [c]ourt reviews questions of law de novo." Lambries v. Saluda Cty. Council , 409 S.C. 1, 7, 760 S.E.2d 785, 788 (2014) (quoting Town of Summerville v. City of N. Charleston , 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) ).
"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." Id . at 10, 760 S.E.2d at 789 (quoting Charleston Cty. Sch. Dist. v. State Budget & Control Bd., 313 S.C. 1, 5, 437 S.E.2d 6, 8 (1993) ). "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory **149 interpretation are not needed and the court has no right to impose another meaning." Id . at 10-11, 760 S.E.2d at 790 (quoting Media Gen. Commc'ns, Inc. v. S.C. Dep't of Revenue , 388 S.C. 138, 148, 694 S.E.2d 525, 530 (2010) ).
"What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will." Id. (quoting Media Gen. , 388 S.C. at 148, 694 S.E.2d at 530 ). "Therefore, the courts are bound to give effect to the expressed intent of the legislature." Id. (quoting Media Gen. , 388 S.C. at 148, 694 S.E.2d at 530 ).
The legislature, in passing the FOIA statute found, in part, "it is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials." S.C. Code Ann. § 30-4-15 (2007). In order to achieve its objective, the General Assembly directed, "provisions of [the FOIA] must be construed as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay." Id . Accordingly, the FOIA should be liberally construed to carry out the General Assembly's purpose.
*530 Campbell v. Marion Cty. Hosp. Dist. , 354 S.C. 274, 281, 580 S.E.2d 163, 166 (Ct. App. 2003).
The Freedom of Information Act defines a public body as
any department of the State, a majority of directors or their representatives of departments within the executive branch of state government as outlined in Section 1-30-10, any state board, commission, agency, and authority, any public or governmental body or political subdivision of the State, including counties, municipalities, townships, school districts, and special purpose districts, or any organization, corporation, or agency supported in whole or in part by public funds or expending public funds, including committees, subcommittees, advisory committees, and the like of any such body by whatever name known, and includes any quasi-governmental body of the State and its political subdivisions, including, without limitation, bodies such as the South Carolina Public Service Authority and the South Carolina State Ports Authority.
S.C. Code Ann. § 30-4-20(a) (2007). The FOIA further defines a public record as including "all books, papers, maps, photographs, **150 cards, tapes, recordings, or other documentary materials regardless of physical form or characteristics prepared, owned, used, in the possession of, or retained by a public body." § 30-4-20(c) (2007).
"A person has a right to inspect, copy, or receive an electronic transmission of any public record of a public body, except as otherwise provided by Section 30-4-40, or other state and federal laws, in accordance with reasonable rules concerning time and place of access." S.C. Code Ann. § 30-4-30(A)(1) (Supp. 2017).
There are exceptions, however. "Matters specifically exempted from disclosure by statute or law" may be exempt from disclosure if the public body decides not to produce them. S.C. Code Ann. § 30-4-40(a)(4). Furthermore, "[i]nformation of a personal nature where the public disclosure thereof would constitute an unreasonable invasion of personal privacy" is also exempted. S.C. Code Ann. § 30-4-40(a)(2).
Information of a personal nature shall include, but not limited to, information as to gross receipts contained in applications for business licenses, information relating to public records which include the name, address, and telephone number or other such information of an individual or individuals who are handicapped or disabled when the information is requested for person-to-person commercial solicitation of handicapped persons solely by virtue of their handicap, and any audio recording of the final statements of a dying victim in a call to 911 emergency services.
S.C. Code Ann. § 30-4-40(a)(2).
ANALYSIS
Initially, Appellant asserts Solicitor Wilson waived her right to confidentiality of the requested documents by referring to their existence in her FOIA response. We disagree.
"Waiver is a question of fact for the finder of fact." Parker v. Parker , 313 S.C. 482, 487, 443 S.E.2d 388, 391 (1994). "Waiver is a voluntary and intentional abandonment or relinquishment of a known right." Id .
Appellant argues the circuit court erred in deciding Solicitor Wilson had not intended to waive confidentiality **151 because no evidence supports that finding. Appellant claims the evidence supporting waiver included (1) the response to the FOIA request was on official letterhead; (2) the response was prepared using resources of a public office; and (3) the response disclosed the contents of the documents not produced. We do not agree with Appellant that Solicitor Wilson "picked and chose" what content to disclose in her FOIA response. Solicitor Wilson revealed the existence of disciplinary complaints and revealed the source of certain of those complaints. She did not reveal anything further about the content of those complaints; therefore she did not waive any objection to disclosing that content.
Appellant also asserts the circuit court erred in finding Rule 12, RLDE, provides the documents requested were not disclosable under FOIA. Again, we disagree.
*531 "The Supreme Court may ... prescribe, adopt, promulgate and amend such rules and regulations as it may deem proper ... (d) prescribing the procedure for disciplining, suspending, disbarring and reinstating attorneys at law...." S.C. Code Ann. § 40-5-20 (2011). "The Supreme Court shall have jurisdiction over the admission to the practice of law and the discipline of persons admitted." S.C. Const. Art. V, § 4. When rules promulgated by the Supreme Court pursuant to section 40-5-20 become effective, "they shall supersede all laws or parts of laws in conflict therewith to the extent of the conflict." S.C. Code Ann. § 40-5-50 (2011).
Rule 12 is a general rule regarding access to attorney disciplinary information. Except as otherwise provided, the members of the Commission on Lawyer Conduct and its staff, the Office of Disciplinary Counsel and its staff, and the Supreme Court and its staff are prohibited from revealing the existence of a complaint while the matter remains confidential. Rule 12(a), RLDE, Rule 413 SCACR. A violation of the rule is punished as a contempt of the Supreme Court. Rule 12(a), RLDE, Rule 413, SCACR.
Rule 12 also provides guidance regarding when attorney disciplinary information becomes public.
When formal charges are filed regarding allegations of misconduct, the formal charges, any answer, and all other documents related to the proceedings that were filed with or **152 issued by the Commission following the filing of the formal charges shall become public 30 days after the filing of the answer or, if no answer is filed, 30 days after the expiration of the time to answer under Rule 23. Thereafter, except as otherwise provided by these rules or the Supreme Court, all subsequent records and proceedings relating to the misconduct allegations shall be open to the public inclusive of a letter of caution or admonition issued after the filing of formal charges.
Rule 12(b), RLDE, Rule 413, SCACR.
Based on the plain language of Rule 12(b), complaints filed with the Office of Disciplinary Counsel do not become public documents until formal charges are filed and 30 days have passed after the filing of an answer, or in the absence of an answer, 30 days after the time to file an answer has expired. Because Rule 12(b) indicates lawyer disciplinary complaints do not become public until after formal charges are filed, and no formal charges were filed against Solicitor Wilson, any complaints would not be public documents, and Solicitor Wilson would not be required to be disclose them pursuant to FOIA.
Appellant asserts this reading of Rule 12 violates the separation of powers doctrine because it allows a Supreme Court rule to modify a statutory scheme. We disagree. Instead, Rule 12 provides privacy protection for attorney disciplinary complaints, and their disclosure cannot be compelled until formal charges are filed.[1] The General Assembly, through section 40-5-50, provided court rules, including rules regarding lawyer discipline, carry the force of law. S.C. Code Ann. § 40-5-50 ("Upon such rules and regulations becoming effective, they shall supersede all laws or parts of laws in conflict therewith to the extent of the conflict."). We find the General **153 Assembly's decision to allow court rules to carry the force of law satisfies any potential separation of powers issues.
CONCLUSION
Based on the foregoing, the order of the circuit court is
AFFIRMED
HUFF and HILL, JJ., concur.

Having determined the requested documents are not public records required to be disclosed under the FOIA, we decline to reach Appellant's remaining arguments that Solicitor Wilson is a public body as defined by the statute or that the exception in section 30-4-40(a)(2) should not apply. See Futch v. McAllister Towing of Georgetown, Inc. , 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not review remaining issues when a determination of prior issues is dispositive).