720 S.E.2d 516

**The STATE, Respondent,**

v.

**Bruce Scott JOHNSON, Appellant.**

**No. 4917.**

Court of Appeals of South Carolina.

Heard Nov. 2, 2011.

Decided Dec. 14, 2011.

James Ross Snell, of Lexington, for Appellant.

Rachel Donald Erwin, of Blythewood, for Respondent.

PIEPER, J.

This appeal arises out of Appellant Bruce Scott Johnson's magistrate's court conviction after a jury trial for driving under the influence (DUI). The circuit court affirmed. On appeal, Johnson argues the magistrate's court erred in: (1) failing to dismiss the charge based on the State's failure to record audio until the two minute and thirty-second mark of the incident site videotape and (2) failing to dismiss the charge based on the State's failure to videotape the breath test. We need not reach the issue regarding the incident site video as we find reversal appropriate based on the failure to videotape the administration of breath test.

### FACTS

The facts in this case are undisputed. Johnson was arrested on suspicion of DUI on August 3, 2008. Prior to trial, Johnson made two motions to dismiss. First, Johnson argued the charge should be dismissed because the incident site videotape was missing audio for the first two and a half minutes. However, audio was recorded when Trooper Patterson gave Johnson a Miranda warning and performed roadside sobriety tests. Second, Johnson asked the court to dismiss the charge because Trooper Patterson moved Johnson off-camera to administer the breath test. When Trooper Patter-

son tried to administer the breath test he discovered the machine was not working, so he administered the test from another machine but failed to activate that machine's video camera. Johnson asserts that the viewer can hear the breath test machine running, but Johnson is not seen on the videotape.[1] Trooper Patterson did not submit an affidavit regarding either videotape.

The magistrate denied Johnson's motions to dismiss. Instead, the magistrate suppressed the breath test because Johnson was out of range of the camera during administration of the breath test. As to the incident site videotape, the magistrate denied the motion to dismiss in full. The circuit court affirmed, expressing concern that the officer did not submit an affidavit but finding Johnson failed to establish reversible error. Johnson did not file a motion to alter or amend the judgment. This appeal followed.

## STANDARD OF REVIEW

In a criminal appeal from the magistrate's court, the circuit court does not review the matter de novo; rather, the court reviews the case for preserved errors raised by appropriate exception. *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 341, 713 S.E.2d 278, 282 (2011); S.C.Code Ann. § 14–25–105 (Supp.2010). The appeal must be heard by the circuit court upon the grounds of exceptions made and the record on appeal, without the examination of witnesses. S.C.Code Ann. § 18–3–70 (Supp.2010). The circuit court "may either confirm the sentence appealed from, reverse or modify it, or grant a new trial." *Id.* The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law. *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007).

## ANALYSIS

We decide this appeal based on the officer's failure to capture Johnson on videotape during the administration of the

---

1. Johnson did not provide this court with copies of either the incident site videotape or the breath test videotape. Nonetheless, Johnson's assertions regarding the deficits in the videotapes are not contested by the State.

breath test.[2] In doing so, we must address whether section 56-5-2953(A)(2) of the South Carolina Code (2006) was violated, whether the State offered a valid excuse for its failure to comply with section 56-5-2953, and whether the magistrate's remedy of suppression of the breath test was adequate.

The applicable provisions of the statute in question include:

(A)(2) The videotaping at the breath site:

(a) must be completed within three hours of the person's arrest for a violation of Section 56-5-2930, 56-5-2933, or 56-5-2945 or a probable cause determination that the person violated Section 56-5-2945, unless compliance is not possible because the person needs emergency medical treatment considered necessary by licensed medical personnel;

(b) must include the reading of Miranda rights, the entire breath test procedure, the person being informed that he is being videotaped, and that he has the right to refuse the test;

(c) must include the person taking or refusing the breath test and the actions of the breath test operator while conducting the test;

. . .

(B) Nothing in this section may be construed as prohibiting the introduction of other evidence in the trial of a violation of Section 56-5-2930, 56-5-2933, or 56-5-2945. Failure by the arresting officer to produce the videotapes required by this section is not alone a ground for dismissal of any charge made pursuant to Section 56-5-2930, 56-5-2933, or 56-5-2945 if the arresting officer submits a sworn affidavit certifying that the videotape equipment at the time of the arrest, probable cause determination, or breath test device was in an inoperable condition, stating reasonable efforts have been made to maintain the equipment in an operable condition, and certifying that there was no other operable breath test facility available in the county or, in the alternative, submits a sworn affidavit certifying that it was physically impossible to produce the videotape because the person

---

**2.** Based on this resolution, we decline to address Johnson's remaining issue on appeal. *See State v. Sweet*, 374 S.C. 1, 9, 647 S.E.2d 202, 207 (2007) (declining to address the appellant's remaining arguments when the decision was dispositive as to one issue).

needed emergency medical treatment, or exigent circumstances existed. Further, in circumstances including, but not limited to, road blocks, traffic accident investigations, and citizens' arrests, where an arrest has been made and the videotaping equipment has not been activated by blue lights, the failure by the arresting officer to produce the videotapes required by this section is not alone a ground for dismissal. However, as soon as videotaping is practicable in these circumstances, videotaping must begin and conform with the provisions of this section. Nothing in this section prohibits the court from considering any other valid reason for the failure to produce the videotape based upon the totality of the circumstances; nor do the provisions of this section prohibit the person from offering evidence relating to the arresting law enforcement officer's failure to produce the videotape.

S.C.Code Ann. § 56–5–2953(A)(2)–(B) (2006).[3]

 "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010). "When a statute is penal in nature, it must be strictly construed against the State and in favor of the defendant." *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011). The court should look to the plain language of the statute. *Binney v. State*, 384 S.C. 539, 544, 683 S.E.2d 478, 480 (2009). If the language of a statute is unambiguous and conveys a clear and definite meaning, then the rules of statutory interpretation are not needed and the court has no right to impose a different meaning. *State v. Gaines*, 380 S.C. 23, 33, 667 S.E.2d 728, 733 (2008). In interpreting a statute, the court will give words their plain and ordinary meaning, and will not resort to forced construction that would limit or expand the statute. *Harris v. Anderson Cnty. Sheriff's Office*, 381 S.C. 357, 362, 673 S.E.2d 423, 425 (2009).

---

**3.** Section 56–5–2953 was amended effective Feb. 10, 2009. *See* Act No. 201, 2008 S.C. Acts 1682–85. The amended version of the statute is not applicable to Johnson's August 3, 2008 arrest.

However, if a statute is ambiguous, courts must construe the terms of the statute. *Roberts,* 393 S.C. at 342, 713 S.E.2d at 283. "A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers." *Sloan v. S.C. Bd. of Physical Therapy Exam'rs,* 370 S.C. 452, 468, 636 S.E.2d 598, 606–07 (2006). The language of the statute must be read in such a way that harmonizes its subject matter and accords with the statute's general purpose. *Roberts,* 393 S.C. at 342, 713 S.E.2d at 283. "Any ambiguity in a statute should be resolved in favor of a just, equitable, and beneficial operation of the law." *Id.* However, courts will reject a statutory interpretation that would lead to an absurd result not intended by the legislature or that would defeat plain legislative intention. *Id.*

Johnson argues the officer violated the statute when the officer moved Johnson to a different breath test machine for the administration of the breath test, such that Johnson could not be seen on the videotape. The State concedes the video did not capture the administration of the breath test.

To determine whether the officer violated section 56–5–2953(A)(2), we look at the plain language of the statute. "The videotaping at the breath site ... must include the person taking or refusing the breath test and the actions of the breath test operator while conducting the test." S.C.Code Ann. § 56–5–2953(A)(2)(c). In light of the concession by the State, we find the officer violated section 56–5–2953(A)(2)(c) when he failed to capture the administration of the breath test on the videotape.

We must next decide if the State should be excused from its noncompliance with the videotaping requirements found in section 56–5–2953(A). Johnson claims when an officer does not provide a sworn affidavit certifying that the equipment was inoperable, that reasonable efforts were made to maintain the equipment in an operable condition, and that there was no other operable breath test facility in the county, a DUI charge must be dismissed. The State argues the magistrate and the circuit court correctly considered language

in section 56–5–2953 permitting a court to consider any other valid reason for the failure to produce a video.

Pursuant to subsection (B) of section 56–5–2953,

[n]oncompliance is excusable: (1) if the arresting officer submits a sworn affidavit certifying the video equipment was inoperable despite efforts to maintain it; (2) if the arresting officer submits a sworn affidavit that it was impossible to produce the videotape because the defendant either (a) needed emergency medical treatment or (b) exigent circumstances existed; (3) in circumstances including, but not limited to, road blocks, traffic accidents, and citizens' arrests; or (4) for any other valid reason for the failure to produce the videotape based upon the totality of the circumstances.

*Roberts,* 393 S.C. at 346, 713 S.E.2d at 285.

The first three excuses above are inapplicable to the present case. The State admits the officer did not submit a sworn affidavit. Further, although the State argues in its appellate brief that the officer was working at an accident scene on I–26 when Johnson nearly collided with the officer, the record does not support a finding that there was an emergency circumstance that prevented the officer from complying with the statute. The officer left the scene of the accident to pursue Johnson. Thus, we must consider whether the State offered any other valid reason for the failure to produce the videotape under the totality of the circumstances.

The magistrate noted the reason the officer asked Johnson to stand out of range of the camera was because the first machine was not working. The officer moved Johnson to another machine in the same room but failed to activate the videotape for that second machine. The officer remained on camera from the first machine the entire time. Based on these facts, the magistrate decided to suppress the breath test and deny Johnson's motion to dismiss the charges.

At the hearing before the circuit court, counsel for the State argued for the first time that the officer believed the camera was activated for the second machine and did not realize it was not activated until after he had administered the test. We find this new argument unpreserved. In considering whether the officer had a valid reason for his failure to

capture Johnson's breath test on video, we consider only the grounds argued before the magistrate. *See State v. Carmack*, 388 S.C. 190, 200, 694 S.E.2d 224, 229 (Ct.App.2010) ("[I]n order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.").

Here, the record does not indicate that the video recording equipment for the second datamaster machine was inoperable or that the police otherwise lacked the ability to create a videotape of the administration of the breath test. Rather, we have only the officer's assertion that the first machine was not functioning, so he moved over to the second machine. Under the totality of the circumstances, we find the State did not articulate a valid reason for the officer's failure to comply with the mandates of section 56–5–2953 when the officer moved to the second machine to administer the breath test.

 Finally, we must decide the appropriate remedy for the State's unexcused failure to comply with section 56–5–2953.

In *City of Rock Hill v. Suchenski*, the supreme court held an inexcusable violation of section 56–5–2953 requires dismissal of the charge. 374 S.C. 12, 16, 646 S.E.2d 879, 881 (2007). On appeal, the City argued its noncompliance was excused pursuant to the exceptions listed in section 56–5–2953(B); however, the supreme court refused to consider the City's arguments because they were not preserved for appellate review. *Id.* at 15–16, 646 S.E.2d at 880. In finding dismissal appropriate, the supreme court stated "failure to produce videotapes would be a ground for dismissal if no exceptions apply." *Id.* at 16, 646 S.E.2d at 881. *Suchenski* has been interpreted as a case involving the failure to preserve error for appellate review. *See, e.g., Roberts*, 393 S.C. at 346, 713 S.E.2d at 285; *State v. Oxner*, 391 S.C. 132, 135, 705 S.E.2d 51, 52 (2011); *State v. Branham*, 392 S.C. 225, 229 n. 3, 708 S.E.2d 806, 809 n. 3 (Ct.App.2011).

In *Roberts*, the supreme court returned to the *Suchenski* decision and found that unexcused noncompliance with section 56–5–2953 mandates dismissal of a DUI charge:

> As evidenced by this Court's decision in *Suchenski*, the Legislature clearly intended for a *per se* dismissal in the event a law enforcement agency violates the mandatory

provisions of section 56–5–2953. Notably, the Legislature specifically provided for the dismissal of a DUI charge unless the law enforcement agency can justify its failure to produce a videotape of a DUI arrest. *Id.* § 56–5–2953(B) ("Failure by the arresting officer to produce the videotapes required by this section is not alone a ground for dismissal of any charge made pursuant to section 56–5–2930 ... if [certain exceptions are met]."). The term "dismissal" is significant as it explicitly designates a sanction for an agency's failure to adhere to the requirements of section 56–5–2953.

Furthermore, it is instructive that the Legislature has not mandated videotaping in any other criminal context. Despite the potential significance of videotaping oral confessions, the Legislature has not required the State to do so. By requiring a law enforcement agency to videotape a DUI arrest, the Legislature clearly intended strict compliance with the provisions of section 56–5–2953 and, in turn, promulgated a severe sanction for noncompliance.

Thus, we hold that dismissal is the appropriate sanction in the instant case as this was clearly intended by the Legislature and previously decided by this Court in *Suchenski.*

393 S.C. at 348–49, 713 S.E.2d at 286.

Therefore, the magistrate's remedy of suppression constitutes reversible error. Just as the supreme court found in *Roberts,* we also find dismissal is the appropriate sanction for the officer's unexcused violation of section 56–5–2953.

## CONCLUSION

Accordingly, Johnson's conviction is hereby

**REVERSED.**

HUFF and LOCKEMY, JJ., concur.