Vivian ATKINS, Robert P. Frick and Kay Hollis, in their
official capacities as members of the Town Council
of the Town of Chapin, Appellants,

v.

James R. WILSON, Jr., in his official capacity as Mayor of the
Town of Chapin, Gregg White, in his official capacity as a
member of the Town Council of the Town of Chapin, and the
Town of Chapin, Defendants,

Of whom James R. Wilson, Jr. and
Gregg White are Respondents.

Appellate Case No. 2014–000829
Opinion No. 5388

Court of Appeals of South Carolina.

Heard January 5, 2016
Filed March 9, 2016
Withdrawn, Substituted and Refiled June 29, 2016

4

Spencer Andrew Syrett, of Columbia, for Appellants.

Matthew Todd Carroll, of Womble Carlyle Sandridge & Rice, LLP, of Columbia, for Respondents.

GEATHERS, J.:

In this declaratory judgment action, Appellants, Vivian Atkins, Robert Frick, and Kay Hollis, a majority of the members of Chapin Town Council, seek review of the circuit court's order granting the motion of Respondents, Mayor James Wilson, Jr. and Councilman Gregg White, to invalidate actions taken by Appellants at two special Council meetings. Appellants also initially challenged the circuit court's order denying

their motion for a preliminary injunction and dismissing their complaint pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure (SCRCP). However, at oral arguments, Appellants advised the court they wished to waive their assignments of error as to this particular order. Therefore, we summarily affirm this order without further discussion. As to the circuit court's order invalidating the actions taken by Appellants at the two special meetings, we reverse.

## FACTS/PROCEDURAL HISTORY

In November 2013, the voters of the Town of Chapin elected a new mayor, Respondent Wilson, and a new Council member, Respondent White. The Mayor's term of office began on January 7, 2014. According to Appellant Atkins, before the Mayor was sworn in, he announced that he had hired Karen Owens to serve as "Director of Communication and Economic Development" although Council had not voted to create the position or make it a part of the Town's budget.[1] The Mayor also (1) refused to honor a retainer agreement between the Town and an attorney for the Town's utility department, (2) signed a contract to hire Nicole Howland as Town Attorney without first submitting the contract to Council for approval, (3) refused to place several items on the agendas for Council meetings despite requests from certain Council members, and (4) refused to schedule a special meeting at Atkins' request.

Accordingly, on February 26, 2014, Appellants filed a complaint invoking the Uniform Declaratory Judgments Act, S.C. Code Ann. § 15–53–10 to –140 (2005), seeking a judgment declaring section 2.206(b) of the Chapin Town Code unenforceable to the extent it grants the Mayor control over the agendas for Council meetings. Section 2.206 appears in the Town Code with the catchword "Agenda" as follows:

2.206. AGENDA.

a. Matters to be considered by the Mayor and Council at a regular meeting shall be placed on a written agenda and publicly posted at least twenty-four (24) hours prior to the meeting. Matters not on the agenda may be considered

---

1. At a subsequent meeting, Council voted to create the position but did not discuss compensation.

upon request of a member unless a majority of Council objects.

. . .

b. The agenda shall be approved by the Mayor, prior to distribution. It shall be prepared under the supervision of the Clerk/Treasurer.

The complaint also sought a preliminary injunction requiring the Mayor to "place on the agenda of the next Council meeting . . . any item requested by any member of Council." Appellants filed a separate motion for a preliminary injunction seeking an order requiring the Mayor "to place any item requested by any member of Council on the agenda of the next occurring Council meeting after the request, without any delay." At the motions hearing, Appellants explained that the Freedom of Information Act (FOIA) prohibited them from exercising their power under section 2.206(a) to amend the agenda during the meeting. *See Lambries v. Saluda Cty. Council* (*Lambries I*), 398 S.C. 501, 506, 728 S.E.2d 488, 491 (Ct. App. 2012) ("[T]he purpose of FOIA is best served by prohibiting public bodies governed by FOIA from amending their agendas during meetings."), *rev'd* (*Lambries II*), 409 S.C. 1, 760 S.E.2d 785 (2014), *superseded in part by* 2015 Act No. 70.[2]

On March 18, 2014, the circuit court issued an order denying Appellants' request for a preliminary injunction and granting Respondents' motion to dismiss. In addressing the motion for a preliminary injunction, the circuit court stated, "the Mayor must sign off on the agenda prior to its distribution to Council, and there is no requirement that the Mayor place

---

2. *Lambries I* was issued on June 13, 2012, and *Lambries II* was issued on June 18, 2014. In the present action, Appellants filed their complaint on February 26, 2014. The order dismissing the complaint was dated March 18, 2014, and filed the following day. Therefore, *Lambries II* did not affect the present case at the time of the motions hearing. Further, in 2015 Act No. 70, the legislature superseded the primary holdings of *Lambries II*, i.e., that FOIA does not require an agenda to be issued for a regularly scheduled meeting and, thus, FOIA does not prohibit public bodies from amending an agenda for a regularly scheduled meeting. Act No. 70, which became effective on June 8, 2015, amended section 30–4–80(a) of the South Carolina Code (2007) to prohibit the amendment of a posted meeting agenda during the meeting without a finding of exigent circumstances and a two-thirds vote of the members present.

items on the agenda that he believes do not merit Council's consideration." In addressing Respondents' motion to dismiss, the circuit court stated, "Ordinance § 2.206(b) grants Mayor Wilson the authority and discretion to approve and, inherently, to deny any item requested to be on the agenda for a Council meeting."

The circuit court addressed the complaint's assertion that if section 2.206 grants the Mayor complete control over the agenda, this provision violates the state and federal constitutions. Despite Appellants' FOIA argument, the circuit court stated that section 2.206(a) allows matters not on the agenda to be considered upon request of a member unless a majority of members object. The circuit court also stated that Council's ability to amend the agenda during the meeting acted "as a safeguard against autocratic mayoral action that may otherwise rise to a constitutional depravation [sic] of basic rights." On April 8, 2014, the circuit court denied Appellants' motion to reconsider pursuant to Rule 59(e), SCRCP. Appellants filed and served a Notice of Appeal of the circuit court's orders on April 22, 2014.

In the meantime, on April 5, 2014, Atkins carried to Appellant Robert Frick's home a prepared notice calling for a special meeting of Council on April 10, 2014, to amend section 2.206(b) of the Chapin Town Code to require the Mayor to place on a meeting agenda any item requested by a member of Council.[3] Atkins discussed the notice with Frick, who agreed to call for a special meeting and signed the notice. On April 6, 2014, Atkins took the notice to Appellant Kay Hollis's home and discussed the notice with her. Hollis also agreed to calling a special meeting and signed the notice.

On April 7, 2014, Atkins took the notice to the Town Clerk and asked her to post the notice at Town Hall and on the Town's website and to notify the news media.[4] On this same

---

[3]. Section 2.202(3) of the Chapin Town Code gives a majority of Council members the authority to call special meetings. Section 2.202 states, "Special meetings may be held: 1. whenever called by the Mayor in cases of emergency, or; 2. when, in the judgment of the Mayor, the good of the municipality requires it, or; 3. by a majority of the members of Council."

[4]. Atkins repeated the same procedure for another special meeting conducted on April 17, 2014.

day, Respondents filed a "Motion to Enforce Order and to Enjoin Contrary Conduct" with the circuit court. In this motion, Respondents complained that Appellants noticed the special meeting with an agenda that was never presented to the Mayor for his approval and alleged that Appellants were "disregarding the [circuit court's] March 18th Order with respect to the Mayor's authority to approve or reject agenda items under Ordinance § 2.206(b)." Respondents sought "an order enforcing the [circuit court's] prior ruling and enjoining [Appellants] from taking any action contrary to that ruling, including going forward with the improperly-noticed [special] meeting." On April 8, 2014, the circuit court's presiding judge sent a letter to the parties advising them of his availability for a hearing and stating his opinion that any actions taken by Appellants "in contravention of the [circuit court's] March 18, 2014 Order ... could be illegal and of no force and effect."

Neither the Mayor nor White attended the April 10 and 17, 2014 special meetings. Therefore, Atkins presided over these meetings in her capacity as Mayor pro tempore. At the April 10 meeting, a first reading was given to the proposed amendment to section 2.206(b).[5] Additional business was conducted at this meeting, although the record does not indicate the subject of this additional business, only that it was included in the published agenda.

On April 14, 2014, Respondents filed a "Motion for Civil Contempt," seeking an order "holding [Appellants] in civil contempt of court and ... invalidating any actions that [Appellants] purportedly took at any meeting that they attempted to convene in contravention of [the circuit court's] rulings." Subsequently, Council conducted a second reading of the amendment to section 2.206(b) at the April 17 meeting. Again, additional business was conducted at the April 17 meeting, although the record does not indicate the subject of this additional business, only that it was included in the published agenda.

On April 25, 2014, the circuit court conducted a hearing on Respondents' motion to enforce the March 18, 2014 order and motion for contempt. On May 5, 2014, the circuit court issued

5. Counsel for Appellants later discovered a scrivener's error in the amendment that referenced "called" meetings.

an order denying the motion for contempt but purporting to invalidate the actions taken at the April 10 and 17, 2014 special meetings on the ground that Appellants did not present agendas for these meetings to the Mayor for his approval. Appellants filed and served a Notice of Appeal on May 23, 2014, and the Clerk of this court later consolidated the appeal with the previous appeal of the circuit court's March 18, 2014 order.

On March 23, 2015, Respondents filed a motion to dismiss this appeal on the ground that Appellants did not appeal the circuit court's "declarations and rulings as they relate to the Town of Chapin"—a defendant before the circuit court—and, therefore, "those rulings are the law of the case with respect to the Town." On May 29, 2015, then Chief Judge Few issued an order stating, in pertinent part,

> Respondents have not convinced this court that the omission of the Town as a Respondent affects this appeal *other than on a substantive basis as to the merits*. Because Respondents seek dismissal on a substantive basis, which is inappropriate at this stage of the appeal, the motion is denied. *This court will consider the merits of this appeal once briefing is complete and the appeal has been assigned to a panel.*

(emphases added). Notably, Respondents did not amend their appellate brief to list this issue as an additional sustaining ground or to otherwise argue this issue. We address the motion to dismiss the appeal, which we deny, at the end of this opinion.

## STANDARD OF REVIEW

"Declaratory judgments in and of themselves are neither legal nor equitable. The standard of review for a declaratory judgment action is therefore determined by the nature of the underlying issue." *Kinard v. Richardson*, 407 S.C. 247, 256, 754 S.E.2d 888, 893 (Ct. App. 2014) (citation omitted) (quoting *Campbell v. Marion Cty. Hosp. Dist.*, 354 S.C. 274, 279, 580 S.E.2d 163, 165 (Ct. App. 2003)).[6] Here,

---

6. We note Respondents did not correctly invoke the circuit court's authority to rule under the Uniform Declaratory Judgments Act (the Act). While the circuit court's March 18, 2014 order merely granted

Respondents were seeking, and were granted, an invalidation of Appellants' actions at the two special meetings; such a remedy can be characterized as injunctive relief. *See Bus. License Opposition Comm. v. Sumter Cty.*, 311 S.C. 24, 27–28, 426 S.E.2d 745, 747–48 (1992) (noting FOIA authorizes injunctive relief and characterizing invalidation of an ordinance as injunctive relief). "An order granting or denying an injunction is reviewed for [an] abuse of discretion." *Lambries II*, 409 S.C. at 7, 760 S.E.2d at 788, *superseded on other grounds by* 2015 Act No. 70. However, Respondents based their motion on their interpretation of sections 2.202 and 2.206 of the Chapin Town Code. Because this is a question of law, this court need not give deference to the circuit court's interpretation of the disputed provision. *Cf. id.* at 8, 760 S.E.2d at 788 ("[W]hile an injunction is equitable and subject to the trial court's discretion, where the decision turns on statutory interpretation[,]

Respondents' motion to **dismiss** Appellants' declaratory judgment action, Respondents' memorandum supporting their motions emphasized the order's statement that the Mayor must sign off on the agenda prior to its distribution to Council and characterized that statement as a "declaration." The circuit court then stated in its May 5, 2014 order that it had previously "declared" that agendas for Council meetings had to be approved by the Mayor prior to the agenda's distribution. Again, we emphasize the circuit court's March 18 order **dismissed** the declaratory judgment action pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure, which allows for dismissal of a case for "failure to state facts sufficient to constitute a cause of action." Therefore, the circuit court incorrectly invoked section 15-53-120 of the South Carolina Code (2005), which states that further relief based on a declaratory judgment may be granted whenever necessary or proper, in support of its "declaratory ruling."

In any event, we construe Respondents' motion to enforce the March 18 order as a new action seeking declaratory relief under the Act, specifically section 15-53-30 of the South Carolina Code (2005), which allows any person "whose rights, status or other legal relations are affected by" a municipal ordinance to have determined "any question of construction" arising under the ordinance and "obtain a declaration of rights, status or other legal relations thereunder." *See* S.C. Code Ann. § 15-53-130 (2005) (requiring courts to construe and administer the provisions of the Act liberally). We also interpret the circuit court's May 5, 2014 order as an original declaratory judgment issued under the authority of section 15-53-20 of the South Carolina Code (2005), which gives courts of record the power to "declare rights, status and other legal relations whether or not further relief is or could be claimed" and confers on such declarations "the force and effect of a final judgment or decree."

. . . this presents a question of law. As a result, [the appellate court] need not give deference to the trial court's interpretation. If, based on this [c]ourt's assessment, the trial court committed an error of law in its interpretation of [a statute], that would constitute an abuse of discretion by the trial court.").

## LAW/ANALYSIS

■ Appellants contend the circuit court erred in invalidating the actions taken by Council at the April 10 and 17, 2014 special meetings, arguing the requirement of section 2.206(b) of the Chapin Town Code that the Mayor approve meeting agendas does not apply to section 2.202 governing special meetings. We agree.

■ "The primary consideration in legislative construction is to ascertain the intent of the legislative body enacting the legislation." *Fairfield Ocean Ridge, Inc. v. Town of Edisto Beach*, 294 S.C. 475, 481, 366 S.E.2d 15, 19 (Ct. App. 1988), *superseded by statute on other grounds as indicated in Heilker v. Zoning Bd. of Appeals for City of Beaufort*, 346 S.C. 401, 406, 552 S.E.2d 42, 45 (Ct. App. 2001). "[W]hen interpreting an ordinance, legislative intent must prevail if it can be reasonably discovered in the language used." *Charleston Cty. Parks & Recreation Comm'n v. Somers*, 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995). The plain language of section 2.206 indicates it applies only to regular meetings. Respondents' argument to the contrary is based on the premise that subsection (b) of section 2.206 is an ordinance unto itself, stands alone, and should be read in isolation.[7] We reject this premise. *See Singletary v. S.C. Dep't of Educ.*, 316 S.C. 153, 162, 447 S.E.2d 231, 236 (Ct. App. 1994) ("The intention of the legislature must

---

7. Specifically, Respondents assert, "the Town of Chapin has a single ordinance governing how agendas for Council meetings must be established: Ordinance § 2.206(b). This ordinance provides that '[t]he agenda shall be approved by the Mayor, prior to distribution' to Councilmembers and to the public. Chapin, S.C., Code. § 2.206(b)." Respondents also assert, "Because it is the sole ordinance that discusses meeting agendas, it is no surprise that Section 2.206(b) does not distinguish how agendas should be prepared based on the type of meeting being held."

be gleaned from the entire section and not simply clauses taken out of context.").

As previously stated, section 2.206, in its entirety, appears in the Town Code with the catchword "Agenda" as follows:

2.206. AGENDA.

 a. Matters to be considered by the Mayor and Council at a regular meeting shall be placed on a written agenda and publicly posted at least twenty-four (24) hours prior to the meeting. Matters not on *the agenda* may be considered upon request of a member unless a majority of Council objects.

. . .

 b. *The agenda* shall be approved by the Mayor, prior to distribution. It shall be prepared under the supervision of the Clerk/Treasurer.

(emphases added). Like the second sentence of subsection (a), subsection (b) employs the article "the" immediately before "agenda," rather than referencing "an agenda," "a written agenda," or "a meeting agenda." This implies that subsection (b), like the second sentence of subsection (a), is referring back to previous language, i.e., the language in the first sentence of subsection (a). This sentence specifically references agendas for regular meetings only: "Matters to be considered by the Mayor and Council at a regular meeting shall be placed on a written agenda . . . ." *See State v. Leopard*, 349 S.C. 467, 472–73, 563 S.E.2d 342, 345 (Ct. App. 2002) ("The canon of construction '*expressio unius est exclusio alterius*' or '*inclusio unius est exclusio alterius*' holds that 'to express or include one thing implies the exclusion of another, or of the alternative.'" (quoting *S.C. Dep't of Consumer Affairs v. Rent–A–Center, Inc.*, 345 S.C. 251, 256, 547 S.E.2d 881, 883–84 (Ct. App. 2001))).

Therefore, the general reference to "[t]he agenda" in subsection (b) invokes a written agenda that includes only those "[m]atters to be considered by the Mayor and Council at a regular meeting," as limited by the specific language in subsection (a). *See Singletary*, 316 S.C. at 161, 447 S.E.2d at 235 ("When the legislature uses words of particular and specific meaning followed by general words, the general words are construed to embrace only persons or things of the same general kind or class as those enumerated."); *see also State v. Johnson*, 396 S.C. 182, 188, 720 S.E.2d 516, 520 (Ct. App. 2011)

("In interpreting a statute, the court will give words their plain and ordinary meaning, and will not resort to forced construction that would limit or expand the statute.").

It is logical that the plain language of section 2.206 limits its applicability to regular meetings rather than purporting to control special meeting agendas because, as we explain below, the very nature of a special meeting inherently controls the content of that meeting's agenda. The provisions governing special meetings are section 5–7–250(a) of the South Carolina Code (2004) and section 2.202 of the Chapin Town Code. Section 2.202 states in full, "Special meetings may be held: 1. whenever called by the Mayor in cases of emergency, or; 2. when, in the judgment of the Mayor, the good of the municipality requires it, or; 3. by *a majority of the members of Council.*" (emphasis added). Section 5–7–250(a) also grants a majority of Council members the power to call a special meeting: "The council, after public notice[,] shall meet regularly at least once in every month at such times and places as the council may prescribe by rule. Special meetings may be held *on the call of* the mayor or of *a majority of the members.*" (emphases added).

█ Our supreme court has described a special meeting as a meeting *"called for a special purpose* and at which nothing can be done beyond *the objects specified for the call." Brock v. Town of Mount Pleasant,* 415 S.C. 625, 630, 785 S.E.2d 198, 201 (2016) (emphases added) (quoting *Lambries II,* 409 S.C. at 15, 760 S.E.2d at 792). In other words, the actions of a public body at a special meeting "may not exceed the scope of the purpose *for which the meeting was called." Id.* at 631, 785 S.E.2d at 202 (emphasis added). This means that those who lawfully call the special meeting have a purpose for the meeting, and this purpose is the only item on which action may be taken.[8] *Brock* at 631, 785 S.E.2d at 202. Accordingly, this purpose, which is generated by the person or persons calling the special meeting, will be the sole item listed in the meeting's written agenda. *Brock* at 631, 785 S.E.2d at 202.[9]

---

8. Of course, to the extent there is more than one purpose, action may be taken on these purposes.

9. Further, this written agenda must be included in the public notice of the special meeting. *Lambries II,* 409 S.C. at 13–14, 760 S.E.2d at 791

Therefore, a requirement that the Mayor approve this written agenda would be incompatible with the very nature of a special meeting called by a majority of Council members.[10]

Taking Respondents' argument to its logical conclusion would render the provisions granting Appellants authority to call a special meeting a nullity. If the Mayor can disapprove an agenda for a special meeting called by a majority of Council members—an agenda that must be limited to the purpose for calling the special meeting—the special meeting will be left without a reason to proceed, effectively stripping the majority of its authority to call the meeting. We decline to infer such an intent on the part of Council when it adopted the Chapin Town Code.[11] *See Somers*, 319 S.C. at 67, 459 S.E.2d at 843 ("[W]hen interpreting an ordinance, legislative intent must prevail if it can be reasonably discovered in the language used."); *id.* at 68, 459 S.E.2d at 843 ("An ordinance must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers."); *id.* ("In construing ordinances, the terms used must be taken in their ordinary and popular meaning."); *Johnson*, 396 S.C. at 188, 720 S.E.2d at 520 ("In interpreting a statute, the court will give words their plain and ordinary meaning, and will not resort to forced construction that would limit or expand the statute.").

---

(emphasizing FOIA's requirement that public notice for a special meeting must include the meeting's agenda).

10. It would be unnecessary for the Mayor to approve the agenda for a special meeting called by the Mayor himself.

11. Respondents also argue the catchword "Agenda" indicates the provisions of section 2.206 apply to agendas for all types of meetings. In support of this argument, Respondents cite *Beaufort Cty. v. S.C. State Election Comm'n*, 395 S.C. 366, 373, 718 S.E.2d 432, 436 (2011), for the proposition that an appellate court may consider the title or caption of legislation in determining legislative intent. Respondents' reliance on *Beaufort* is misplaced. Chapin's Town Code itself governs this particular aspect of legislative interpretation. Section 1.204 of the Town Code states, in pertinent part, "The catchlines of the several sections of this code printed in capital letters, a different type or underlined are intended as mere catchwords to indicate or emphasize the contents of such sections, *not as any part of the section* ...." (emphasis added). Therefore, while the catchword "Agenda" indicates that section 2.206 discusses meeting agendas, it cannot supplant the plain language of the section itself that specifically limits the ordinance to regular meetings.

Likewise, we decline to infer such an intent on the part of the legislature when it enacted section 5–7–250(a). *See State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010) ("All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." (quoting *Broadhurst v. City of Myrtle Beach Election Comm'n*, 342 S.C. 373, 380, 537 S.E.2d 543, 546 (2000))); *id.* ("A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers." (quoting *Browning v. Hartvigsen*, 307 S.C. 122, 125, 414 S.E.2d 115, 117 (1992))); *id.* at 351, 688 S.E.2d at 575 ("Courts will reject a statutory interpretation which would lead to a result so plainly absurd that it could not have been intended by the [l]egislature or would defeat the plain legislative intention."); *State v. Long*, 363 S.C. 360, 364, 610 S.E.2d 809, 811 (2005) ("The legislature is presumed to intend that its statutes accomplish something."); *Johnson*, 396 S.C. at 188, 720 S.E.2d at 520 ("In interpreting a statute, the court will give words their plain and ordinary meaning, and will not resort to forced construction that would limit or expand the statute.").

■ Based on the foregoing, Appellants acted within their authority under section 5–7–250(a) and section 2.202(3) of the Chapin Town Code when they called the two special meetings and published meeting agendas limited to the meetings' purposes without first presenting the agendas to the Mayor. The circuit court's invalidation of Council's actions at these two meetings on the ground that the agendas were not approved by the Mayor was based on an error of law and, thus, constituted an abuse of discretion.

### Motion to Dismiss

■ In their motion to dismiss this appeal, Respondents argue the law-of-the-case doctrine renders the circuit court's rulings conclusive as to the Town due to Appellants' failure to designate the Town as a respondent on appeal. Respondents also argue the judgments below apply equally to all defendants and, therefore, Appellants "cannot seek an inconsistent decision from this Court."

 "Under the law-of-the-case doctrine, a party is pre-cluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court." *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009). In other words, "[t]he doctrine of the law of the case prohibits issues [that] have been decided in a prior appeal from being reliti-gated in the trial court in the same case." *Ross v. Med. Univ. of S.C.*, 328 S.C. 51, 62, 492 S.E.2d 62, 68 (1997). While the doctrine has been referenced as discretionary,[12] it is recog-nized that principles "of authority ... do inhere in the 'man-date rule' that binds a lower court on remand to the law of the case established on appeal." 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 (2d ed. 2002).

Given all of the surrounding circumstances under which Respondents ask us to apply the law-of-the-case doctrine, we conclude such an application is inappropriate. While no attor-ney claims to represent the Town in this appeal, all five Council members, which include the Mayor, are parties to this appeal, and Appellants represent a majority of Council mem-bers. We note that before Appellants filed this litigation, the Mayor refused to add to a meeting agenda the topic of appointing an interim town attorney despite Atkins' request. Further, after this litigation was filed, counsel for the Mayor

---

12. *See State v. Hewins*, 409 S.C. 93, 113 n. 5, 760 S.E.2d 814, 824 n. 5 (2014) (referring to the law-of-the-case doctrine as a "discretionary appellate doctrine with no preclusive effect on successive trial proceed-ings"); *S. Ry. Co. v. Clift*, 260 U.S. 316, 319, 43 S.Ct. 126, 67 L.Ed. 283 (1922) ("The prior ruling may have been followed as the law of the case, but there is a difference between such adherence and res adjudi-cata. One directs discretion: the other supersedes it and compels judgment. In other words, in one it is a question of power, in the other of submission."); *Slowinski v. Valley Nat'l Bank*, 264 N.J.Super. 172, 624 A.2d 85, 89 (App. Div. 1993) (" 'Law of the case' ... operates as a discretionary rule of practice and not one of law."); 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 (2d ed. 2002) ("So long as the same case remains alive, there is power to alter or revoke earlier rulings."); 5 C.J.S. *Appeal and Error* § 991 (2007) ("The doctrine is discretionary rather than mandatory. Nonetheless, it should be disregarded only upon a showing of good cause for failure timely to request reconsideration of the original appellate decision, and only as a matter of grace rather than right." (footnotes omitted)).

18

purported to represent the Town as well. Now, in claiming the Town has not been served with the Notice of Appeal, Respondents do not indicate the attorney or other individual(s) to whom Appellants should have sent the Notice of Appeal to effect service on the Town. They base their argument that Appellants failed to serve the Town on merely the failure to designate the Town as a respondent in the case caption and in the text of the Proof of Service.

Based on all of these circumstances, we conclude Appellants have properly perfected their appeal of the circuit court's orders as to all parties in this case, including the Town. To hold otherwise would place form over substance when doing so would not further the interests of justice.

## CONCLUSION

Accordingly, we deny the motion to dismiss this appeal and affirm the circuit court's March 18, 2014 order denying Appellants' motion for a preliminary injunction and dismissing their complaint. We reverse the circuit court's May 5, 2014 order invalidating Council's actions at the April 10 and 17, 2014 special meetings.

**AFFIRMED IN PART and REVERSED IN PART.**

SHORT and MCDONALD, JJ., concur.