**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Paul Ioan Tat, Appellant.

Appellate Case No. 2014-001880

Appeal From Pickens County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2016-UP-170
Submitted March 1, 2016 – Filed April 6, 2016

**AFFIRMED**

Paul Ioan Tat, pro se.

Attorney General Alan McCrory Wilson and Assistant Attorney General Susannah Rawl Cole, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Paul Tat appeals his conviction for criminal domestic violence. Tat argues (1) the circuit court erred in affirming his conviction from the magistrate's court and (2) the magistrate's court proceedings violated his right to a

fair trial.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in affirming the decision of the magistrate's court:  Rule 18(a), SCRMC ("[A] party wishing to appeal [any judgment rendered by the magistrate's court] shall serve on the respondent and file a notice of appeal *containing a statement of the grounds for appeal* with the magistrate rendering the judgment and with the [c]ircuit [c]ourt of the [c]ounty where the judgment was rendered." (emphasis added)); *State v. Johnson*, 396 S.C. 182, 186, 720 S.E.2d 516, 518 (Ct. App. 2011) ("In a criminal appeal from the magistrate's court, the circuit court does not review the matter de novo; rather, the court reviews the case for preserved errors raised by appropriate exception."); *id.* ("The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law.").

2.  As to whether the proceedings before the magistrate's court violated Tat's right to a fair trial:  *State v. Brown*, 402 S.C. 119, 125 n.2, 740 S.E.2d 493, 496 n.2 (2013) ("There are four basic requirements to preserving issues at trial for appellate review.  The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity.").

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.