**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Hector G. Fragosa, Claimant, Petitioner,

v.

Kade Construction, LLC, Employer, and Key Risk Insurance Company of S.C., Carrier, Defendants, Respondents.

Appellate Case No. 2016-001941

―――――――――

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

―――――――――

Appeal from the Workers' Compensation Commission

―――――――――

Memorandum Opinion No. 2018-MO-29
Heard April 19, 2018 – Filed August 29, 2018

―――――――――

**REVERSED**

―――――――――

Stephen B. Samuels, of Samuels Law Firm, LLC, of Columbia, and Jeffrey C. Chandler, of Chandler Law Firm, of Myrtle Beach, both for Petitioner.

Michael W. Burkett and J. Gabriel Coggiola, both of Willson, Jones, Carter & Baxley, P.A., of Columbia, for Respondent.

---

**PER CURIAM:**   In this appeal from the Workers' Compensation Commission, Petitioner Hector Fragosa argues he is entitled to lifetime benefits because he suffered "physical brain damage" pursuant to South Carolina Code Section 42-9-10(C) (2015). The Workers' Compensation Commission found Fragosa did not suffer physical brain damage and limited his award accordingly. The court of appeals affirmed. *Fragosa v. Kade Const., LLC*, Op. No. 2016-UP-139 (S.C. Ct. App. filed Mar. 30, 2016). After careful consideration of the record and briefs, the judgment of the court of appeals is reversed pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.  As to our finding of physical brain damage: S.C. Code Ann § 42-9-10(C) (2015) ("Notwithstanding the five-hundred-week limitation prescribed in this section or elsewhere in this title, any person determined to be totally and permanently disabled who as a result of a compensable injury is a paraplegic, a quadriplegic, *or who has suffered physical brain damage* is not subject to the five-hundred-week limitation and shall receive the benefits for life.") (emphasis added); *Sparks v. Palmetto Hardwood, Inc.*, 406 S.C. 124, 131, 750 S.E.2d 61, 64 (2013) (holding physical brain damage must be "both permanent and severe"); *Crisp v. SouthCo., Inc.*, 401 S.C. 627, 642, 738 S.E.2d 835, 842 (2013) ("[T]he severity of the [brain] injury is the lynchpin of the analysis.").

2.  As to our standard of review: *Bartley v. Allendale Cty. Sch. Dist.*, 392 S.C. 300, 306, 709 S.E.2d 619, 621–22 (2011) ("Under the APA, this Court can reverse or modify the decision of the Workers' Compensation Commission if the substantial rights of the appellant have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached."). Because the commission originally found a 46% impairment rating for a traumatic brain injury and did not alter that finding in its subsequent order, the finding on remand of no physical brain damage cannot be upheld. Remaining faithful to *Crisp* and *Sparks*, we find an impairment rating of 46% for a traumatic brain injury sufficiently severe

to implicate lifetime benefits for physical brain damage pursuant to section 42-9-10(C). Therefore, we hold Fragosa has suffered physical brain damage, entitling him to lifetime benefits under section 42-9-10(C).

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**